TEXTO COMPLETO DE LA RESOLUCION
El querellado-recurrente Garaje Rubén (Garaje Rubén) nos solicita la revisión de la resolución que emitiera el Departamento de Asuntos del Consumidor ("D.A.C.O.") el 28 de abril de 2000. En la misma se determinó que el contrato de arrendamiento de obra celebrado entre el querellante-recurrido Nicolás Alers Medina, y el querellado-recurrente, Garaje Rubén, había sido resuelto por el primero. En su consecuencia, se le ordenó a Garaje Rubén devolverle al señor Alers Medina la cantidad de $2,390.00 dólares correspondientes al pago por el servicio que el Garaje se comprometió a prestar. Por estar conformes con la determinación del D.A.C.O., denegamos la expedición del presente recurso.
Los hechos que dan lugar al presente litigio según determinados por el D.A.C.O. se resumen a continuación. En septiembre de 1999, el vehículo del señor Alers Medina, marca Oldsmobile Modelo Aurora, presentó problemas con la transmisión. Este lo llevó al taller de mecánica del Garaje Rubén para reparación. Allí le informaron que tendrían que remplazarle una serie de piezas y que el costo de la reparación sería de $2,500.00 dólares. El vehículo fue reparado. Lo entregaron el 29 de septiembre de 1999. El señor Alers Medina pagó ese mismo día. A pesar de que había solicitado la devolución de las piezas remplazadas, se le informó que las mismas se descartaron. Le indicaron, además, que la reparación tendría un año de garantía.
En octubre del 1999, menos de un mes después, el señor Alers Medina volvió a llevar el vehículo al taller de Garaje Rubén. Presentaba el mismo problema. Al ser revisado, el gerente le comunicó que la transmisión del vehículo era muy adelantada y que sus técnicos la desconocían. Sugirió que se llevara el auto y lo condujera lo menos posible mientras alguno de sus técnicos estudiaba los manuales de transmisión de ese tipo de automóvil. Le indicó, asimismo, que no estaban preparados para atender el problema que enfrentaba el vehículo y le aconsejó que lo llevara a otro taller.
El 6 de diciembre, el señor Alers Medina lo llevó a reparar a Royal Motors. El defecto de transmisión fue corregido. El costo de dicha reparación fue de $800.00 dólares. Procedió entonces a someter una querella ante el D.A.C.O. en contra de Garaje Rubén. La vista administrativa se celebró emitiendo dicha agencia su resolución la cual fue notificada. La misma determinó que entre las partes se perfeccionó un contrato de arrendamiento de obra el cual fue resuelto. Se ordenó al referido querellado rembolsarle al querellante, Alers Medina, la cantidad de $2,390.00 dólares que éste pagó dentro de los veinte (20) días siguientes a la notificación de dicha resolución.
En desacuerdo, Garaje Rubén solicitó reconsideración. La misma fue rechazada de plano. Acude en revisión judicial ante este Foro. Nos solicita que revoquemos la determinación del D.A.C.O. y se desestime la presente querella. Levanta como único error el haber la agencia dejado sin efecto el contrato entre las partes y ordenar la devolución del dinero. Argumenta que dicha determinación no está basada en evidencia sustancial.
En apoyo de su tesis, sostiene que se violó el debido proceso de ley en el procedimiento adjudicativo. Argumenta que no se siguió el de ventilar querellas, según establecido por las Reglas 15 y 16 de las de Procedimientos Adjudicativos del D.A.C.O. sobre Investigaciones y Notificación de Informes Técnicos, *677 Específicamente señala que la Regla 18 de las Reglas de Procedimiento de Querellas requiere como parte del proceso de ventilación de querellas que se realice una investigación del caso y se prepare un informe detallado y específico por un técnico investigador sobre los hallazgos. Sostiene que como parte del debido proceso de ley administrativo, el informe del técnico investigador deberá ser notificado a las partes de modo que las partes puedan presentar por escrito sus objeciones a la investigación y si desean su presencia en la vista.
Expone, además, que la realización de una investigación en todo procedimiento de querella es de carácter mandatorio, así como también el informe y su notificación a la parte peijudicada. A tales efectos, nos hace referencia a la Regla 20 de las de Procedimiento de Querellas que lee como sigue:

“Todo caso que no amerite investigación, podrá ser referido en forma inmediata a la atención del Juez Administrativo, quien podrá actuar, conforme a las Reglas 12 y 13.”

Nos plantea que la ausencia de un informe preparado por un técnico investigador convirtió el expediente administrativo en uno incompleto e insuficiente. Levanta que se le violó su derecho al debido proceso de ley en vista de que se omitió la opinión de un perito sobre la materia. Con ello pretende sostener la teoría de que, a manera de excepción, en las únicas circunstancias en que se puede obviar una investigación es en procedimientos que se ventilen mediante el trámite sumario o cuando lo que proceda en derecho sea la desestimación de la querella. No tiene razón.
Ciertamente, el razonamiento de Garaje Rubén va dirigido a atender una cuestión de prueba únicamente. Acogerlo equivale a resolver que es obligación de la propia agencia probar el caso cuando ello le corresponde al querellado si estima que sus peritos son necesarios para refutar la versión de la otra parte sin depender de los informes técnicos de la agencia. Ese trámite le compete a las partes, independientemente de que el D.A.C.O. tenga la potestad de realizar sus propias investigaciones.
La letra de la Regla 15.1 de las de Procedimientos Adjudicativos es clara sobre ese particular. Establece que: "El Departamento podrá iniciar una investigación en cualquier momento antes o después de radicada una querella,...". (Enfasis suplido.) Como se ve, dicha regla simplemente faculta al D.A.C.O. a realizar una investigación teniendo la discreción y no la obligación de requerirla. El llevarla a cabo en un procedimiento adjudicativo, es una potestad que se le confiere por sus reglas, no un mandato.
Asimismo, de los autos no surge que Garaje Rubén realizase gestión alguna para que el D.A.C.O. designara un investigador a los fines que ahora levanta. En definitiva, no podemos acoger su fundamento basado en una prueba que pudo haberse descubierto, sobre todo cuando no realizó trámite alguno para obtenerla. Comoquiera, le competía presentar la prueba necesaria en apoyo de su teoría. No podía depender de la falta de una inspección por un inspector del D.A.C.O. Debió presentar la suya a los fines de que la agencia la evaluara y adjudicara la controversia. No lo hizo. Se corrió el riesgo de que luego de desfilada la prueba, dicha agencia pasara juicio sobre ella y determinara sus propias conclusiones, conforme a los hechos que estimase como ciertos y probados durante la vista celebrada.
Pero aún hay más. Del récord se desprende que a tenor de la prueba creída, el propio gerente de Garaje Rubén le indicó al señor Alers Medina que la transmisión de su auto era muy adelantada y que sus técnicos la desconocían. Incluso le sugirió que lo llevara a otro taller de mecánica para su reparación. Resulta evidente que Garaje Rubén no era ni fue capaz de reparar la transmisión de su vehículo. Como resultado, es obvio que existió un incumplimiento en el contrato de arrendamiento de obra celebrado entre las partes. Como tal, nació el derecho del querellante para escoger entre el cumplimiento específico o la resolución del contrato. 31 L.P.R.A. see. 3052. Optó por lo último.
Finalmente, las determinaciones de hechos formuladas por el D.A.C.O. merecen nuestra deferencia. Dicho organismo tuvo ante sí el testimonio del querellante, así como la factura de Royal Motors. Esa fue la prueba que *678 estímó cierta y correcta. La misma no fue controvertida. De ordinario, los tribunales no intervienen con las determinaciones de una agencia administrativa, salvo claro abuso de discreción, que sean arbitrarias y caprichosas, o que no estén basadas en evidencia sustancial. 3 L.P.R.A. see. 2175, Fuertes y Otros v. Administración de Reglamentos y Permisos, 134 D.P.R. 947, 953 (1993); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975). No se nos ha demostrado que el D.A.C.O. haya actuado contrario a la prueba presentada o que hubiese incurrido en pasión, prejuicio, o parcialidad al evaluarla.
Concluimos, consiguientemente, que la determinación sobre la resolución del contrato y la orden de rembolsar la cantidad pagada por el querellante, en virtud del contrato que existió entre las partes, es correcta. Estuvo dentro del ámbito de la discreción del D.A.C.O. como ente especializado en asuntos como el que se trajo ante su consideración, razón por la cual denegamos la expedición del auto solicitado.
Lo acuerda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General